UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| JOAN BAYE,     Plaintiff, <br><br>vs. <br><br>THE OAKES LAW FIRM, LLC, <br><br>    Defendant. | **Civil Action No.** |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT AND JURY DEMAND

### I.   Nature of Action

1. Plaintiff Joan Baye ("Plaintiff") brings this action against Defendant The Oakes Law Firm, LLC ("Defendant") under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

### II.   Jurisdiction and Venue

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and/or where Defendant transacts business in this district.

### III.   Parties

4. Plaintiff is a natural person who at all relevant times resided in the State of Louisiana, Terrebonne Parish, and City of Houma.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

### IV.   Factual Allegations

8. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9. Plaintiff's alleged obligation arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely a home mortgage loan (the "Debt").

10. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

11. In July, 2011, Plaintiff entered into a consent agreement to make monthly payments of $200 to settle the Debt.

12. Plaintiff has made each monthly payment since they began in July, 2010.

13. In connection with the collection of the Debt, Plaintiff received a letter dated July 13, 2015 from D. Michael Dendy, a professional law corporation.

14. A true and accurate copy of the July 13, 2015 letter is attached to this Complaint as Exhibit A.

15. The July 13, 2015 letter confirms that Plaintiff had paid $10,000 towards satisfaction of the Debt and that the remaining balance was $6,227.08. Exhibit A.

16. The July 13, 2015 letter lists Plaintiff's creditor as Audubon Recovery, LLC, and Plaintiff's file number, ending in 7155. Exhibit A.

17. After receiving the July 13, 2015 letter, Plaintiff continued making her monthly payments.

18. In connection with the collection of the alleged Debt, Defendant sent Plaintiff a letter dated January 28, 2016.

19. A true and accurate copy of Defendant's January 28, 2016 letter is attached to this Complaint as Exhibit B.

20. Defendant's January 28, 2016 letter is referencing the same Debt as the July 13, 2015 letter, as it also listed Plaintiff's creditor as Audubon Recovery, LLC, and Plaintiff's account number, ending in 7155. Exhibit B.

21. Similarly, Plaintiff's file number in the July 13, 2015 letter is the same as the account number listed in Defendant's January 28, 2016 letter. *Compare* Exhibit A *with* Exhibit B.

22. Defendant's January 28, 2016 letter does not reference the consent agreement Plaintiff had agreed to.

23. Defendant's January 28, 2016 letter was its initial communication with Plaintiff with respect to the Debt.

24. Accordingly, Defendant's January 28, 2016 letter gives Plaintiff the notices required in an initial communication or within five days thereafter by the FDCPA. Exhibit B; *see* 15 U.S.C. § 1692g(a).

25. Defendant's January 28, 2016 letter lists the current balance of the Debt as $18,609.27. Exhibit B.

26. In connection with the collection of the Debt, Defendant sent Plaintiff a letter dated February 16, 2016.

27. A true and accurate copy of Defendant's February 16, 2016 letter is attached to this Complaint as Exhibit C.

28. Defendant's February 16, 2016 letter also lists Plaintiff's creditor as Audubon Recovery, LLC, and Plaintiff's file number, ending in 7155. Exhibit C.

29. Plaintiff's file number in the February 16, 2016 letter is identical to the account number listed in the July 13, 2015 letter and the file number listed in Defendant's January 28, 2016 letter.

30. Defendant's February 16, 2016 letter, like the July 13, 2015 letter, acknowledges the consent agreement reached by Plaintiff regarding the Debt. Exhibit C.

31. Defendant's February 16, 2016 letter states that Plaintiff had paid $11,400 in satisfaction of the Debt and that there was a remaining balance of $4,827.08.

32. Therefore, Defendant's January 28, 2016 letter incorrectly stated the amount of the Debt owed by Plaintiff.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692e

33. Plaintiff repeats and re-alleges each and every allegation contained above.

34. The FDCPA forbids "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e.

35. Defendant violated 15 U.S.C. § 1692e by falsely representing the amount of the Debt in its January 28, 2016 letter.

WHEREFORE, Plaintiff respectfully requests that the Court grant the following relief in her favor as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692e(2)(A)

36. Plaintiff repeats and re-alleges each and every allegation contained above.

37. The FDCPA forbids the "false representation of the character, amount, or legal status of any debt." 15 U.S.C. § 1692e(2)(A).

38. Defendant violated § 1692e(2)(A) by falsely representing the amount of the Debt in its January 28, 2016 letter.

WHEREFORE, Plaintiff respectfully requests that the Court grant the following relief in her favor as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(2)(A);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

    e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    f) Awarding such other relief as the Court may deem just and proper.

## COUNT III
## VIOLATION OF 15 U.S.C. § 1692e(10)

39. Plaintiff repeats and re-alleges each and every allegation contained above.

40. The FDCPA forbids the "use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10).

41. Defendant violated 15 U.S.C. § 1692e(10) by falsely representing the amount of the Debt in its January 28, 2016 letter.

WHEREFORE, Plaintiff respectfully requests that the Court grant the following relief in her favor as follows:

    a) Adjudging that Defendant violated 15 U.S.C. § 1692e(10);

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

    e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    f) Awarding such other relief as the Court may deem just and proper.

## COUNT IV
## VIOLATION OF 15 U.S.C. § 1692g(a)(1)

42. Plaintiff repeats and re-alleges each and every allegation contained above.

43. "Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—(1) the amount of the debt." 15 U.S.C. § 1692g(a)(1).

44. Defendant violated 15 U.S.C. § 1692g(a)(1) by failing to state the correct amount of the Debt in the January 28, 2016 letter—its initial communication with Plaintiff.

WHEREFORE, Plaintiff respectfully requests that the Court grant the following relief in her favor as follows:

    a) Adjudging that Defendant violated 15 U.S.C. § 1692g(a)(1);

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

    e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    f) Awarding such other relief as the Court may deem just and proper.

45. Plaintiff demands a trial by jury.

DATED July 29, 2016.

    Law Office of Ashley J. Scott, PLLC

    /s/ Ashley J. Scott
    Ashley J. Scott
    LA State Bar No. 34081
    927 Nashua Street
    Houston TX 77008
    Telephone: (888) 332-7252 ext. 275
    Facsimile: (866) 317-2674
    ascott@consumerlawinfo.com

Correspondence Address:

    Thompson Consumer Law Group, PLLC
    5235 E. Southern Ave. D106-618
    Mesa, AZ 85206
    tclg@consumerlawinfo.com

    Attorneys for Plaintiff Joan Baye